CALOGERO, Chief Justice,
dissenting.
The Louisiana Gaming Control Board denied a request for modification of a riverboat gaming license. The City of New Orleans then filed an appeal in the 19th Judicial District Court, which issued a temporary restraining order prohibiting the Board’s order from taking effect. The First Circuit Court of Appeal subsequently granted the Board’s writ application and dissolved the temporary restraining order, finding the City of New Orleans had no right of action.
I believe the Court of Appeal was in error. Under La.R.S. 27:89, a person adversely affected by an action of the Riverboat Gaming Commission may appeal in accordance with the provisions of the Administrative Procedure Act. Thus, the two requirements for standing under this statute are (1) that the party seeking to appeal meets the definition of “person” and (2) that the person is “aggrieved.” In this case, the City of New Orleans meets the definition of “person.” Under the APA, and in particular La.R.S. 49:951(5), the City of New Orleans is clearly a person because it is a “governmental subdivision.” [1] Further, the City of New Orleans *181 is a person under the Louisiana Gaming Control Act, La.R.S. 27:44(20) because it is a “legal entity.”[2] The case of State v. Louisiana Riverboat Gaming Commission, 94-1872, 94-1914 (La. 5/22/95), 655 So.2d 292, where this Court found that the Louisiana State Police Gaming Enforcement Division could not appeal a ruling of the Louisiana Riverboat Gaming Commission, is neither controlling nor dispositive of the issue before us. The issue in that case was whether one state agency, with enumerated powers which did not include the power to appeal, could appeal a ruling of another state agency.
On the second requirement for standing to appeal, the Court of Appeal apparently did not reach any conclusions about whether the City is an “aggrieved” person. It entertained no evidence or argument on this issue. At the very least, this matter should be docketed for oral argument. I would grant the writ and set the matter for oral argument in the immediate future with the possible result that this case would be remanded to the district court with an order to proceed with the hearing scheduled by the district judge.

. La.R.S. 49:951(5) defines "person" as "any individual, partnership, corporation, association, *181 governmental subdivision, or public or private organization of any character other than an agency.”

. La.R.S. 27:44(2) defines "person” as "an individual, partnership, corporation, unincorporated association, or other legal entity.”